JEFFREY I. KOHN
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Telephone (212) 326-2000
Facsimile: (212) 326-2061

*Attorneys for Plaintiff Fusion Multisystems, Inc., d/b/a Fusion-io*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FUSION MULTISYSTEMS, INC. d/b/a FUSION-IO,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD G. BASILE,<br><br>Defendant. | Case No.<br><br>**DECLARATION OF SCOTT S. BELL IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL** |

I, Scott S. Bell, declare and state as follows:

1.     The facts set forth below are known to me personally.  If I were called as a witness in this matter, I could and would testify competently to each fact so set forth.

2.     I am an associate in the law firm of Parsons Behle & Latimer, which serves as counsel to Fusion Multisystems, Inc., d/b/a Fusion-io ("Fusion-io") in this action, as well as in the related actions pending between the parties in the United States District Court for the District of Utah and in arbitration proceedings in JAMS.

3.     On June 8, 2009, Fusion-io issued a subpoena to Violin Memory, Inc., which requested seven categories of documents, electronically stored information, or tangible things. A true and correct copy of the subpoena is attached hereto as Exhibit A.

4.     On June 17, 2009, Violin responded to the subpoena.  A true and correct copy of Violin's Objections and Responses is attached hereto as Exhibit B.

5.     On July 10, 2009, Fusion-io's counsel sent a letter to Violin's counsel raising several issues regarding Violin's production and objections.  A true and correct copy of the July 10, 2009 letter is attached hereto as Exhibit C.

6.     On July 23, 2009, Violin's counsel sent a letter to Fusion-io's counsel responding to the July 10, 2009 letter, in which Violin refused to produce any additional documents.  A true and correct copy of the July 23, 2009 letter is attached hereto as Exhibit D.

7.     On May 18, 2009, the United States District Court for the District of Utah issued a Stipulated Interim Order in which the court compelled Basile to produce certain documents.  A true and correct copy of the Stipulated Interim Order is attached hereto as Exhibit E.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11 day of September, 2009 in Salt Lake City, Utah.

_____
Scott S. Bell

# Exhibit A

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

**EASTERN**      **DISTRICT OF**      **NEW JERSEY**

FUSION MULTISYSTEMS, INC. D/B/A FUSION-IO

### SUBPOENA IN A CIVIL CASE

**V.**

DONALD G. BASILE

CASE NUMBER: [1] 209cv00426
District of Utah

TO:   Violin Memory Inc.
      33 Wood Avenue South
      3rd Floor
      Iselin, NJ 08830

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

<u>**See Exhibit A Attached Hereto**</u>

| PLACE | DATE AND TIME |
|---|---|
| O'Melveny & Myers, attn: Eric J. Amdursky 7 Times Square, New York, NY 10036 | June 12, 2009 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 6/4/09 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Scott S. Bell, Attorney for Plaintiff, Parsons Behle & Latimer
201 South Main Street, Suite 1800, Salt Lake City, Utah 84111  801-532-1234

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

4821-4925-8499.1

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                              DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(1)(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(1)(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(1)(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(2)(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

4821-4925-8499.1

## EXHIBIT A

## DEFINITIONS

1.      "Person" means any natural person, firm, partnership, association, joint venture, corporation, company, proprietorship, business trust, banking institution, unincorporated organization, entity recognized by body politic and any other business or legal entity, including any governmental body and agency.

2.      The terms "you," "your," or "Violin" shall mean Violin Memory, Inc., and all of its affiliated or related entities, including any of its parent companies, sister companies or subsidiary companies, together with its employees, officers, directors, lawyers, any other agents or representatives.

3.      The term "defendant" or "Basile" shall mean and include Donald G. Basile and his representatives, employees and agents, and all other persons acting on his behalf or under his direction or control, including attorneys and sales representatives.

4.      The term "Fusion-io" shall mean Plaintiff Fusion Multisystems, Inc. and all of its affiliated or related entities, including any of its parent companies, sister companies or subsidiary companies, together with its employees, officers, directors, lawyers, any other agents or representatives.

5.      The term "identify" when used with respect to a document or other tangible thing means to provide the identity of the person(s) originating and preparing it, the identity of the person(s) receiving it, the general type of document (e.g., letter, memo, report, invoice, etc.), the title of the document, the general nature of the document's subject matter, the date the document was prepared, the date and manner of transmission, distribution, and publication of the document, the location of each copy of the document, the identity of the present custodian or person responsible for its filing or other disposition, and the identity of the person(s) who can authenticate the document.

6.      The term "identify" when used with respect to natural persons means to provide sufficient information, including the person's full name, present home and business address, telephone numbers,

present or last known position and business affiliation (and position and business affiliation at the time in question), such that a subpoena may be issued and served on that person. "Identify" when used with respect to all other persons means to provide sufficient information, including addresses, telephone numbers, business affiliation at the time in question, and agents for service of process, such that a subpoena may be issued and served on that person.

7.      The term "document" and "thing" are intended to be interpreted as broadly as Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence allow, and shall include any and all written or graphic matter however produced or reproduced of every kind and description, and all magnetic, electromagnetic, and electronic sound recordings or written transcripts thereof, and shall include, including, but not limited to, all communications, correspondence, letters, telegrams, notes, memoranda, minutes of meetings, reports, directive, proposals, diaries, journals, studies, surveys, manuals, daytimers, transcriptions, logs, receipts, working papers, desk calendars, appointment books, notices, drawings, photographs, movie or video film, video recordings on tapes, slides, work sheets, or any and all digital recordings, opinions or reports of consultants, records of telephone conversations, reports or summaries of investigations, cables, publications, charts, plans, rules, regulations, protocols, summaries of interviews, writings of any kind or description whatsoever, tape recordings, computer tapes, computer discs and printouts, data encoded on computer or computer media, or other electronic or mechanical information or data of any kind or description whatsoever, including both originals and copies.

8.      The terms "supporting," "evidencing," "concerning," "relating," or any derivatives of those terms, shall mean sustaining, comprising, reflecting, constituting, containing, indicating, showing, describing, disclosing, mentioning, or bearing upon or otherwise pertaining in any way, in whole or in part, to the subject matter referred to in the request herein. Where a request is for "documents" or "things" that "relate" to or "concern" an identified "document" or "thing," the request includes, without limitation, the identified "document" or "thing" itself.

9.      "Communication(s)" includes, but is not limited to every disclosure, transfer or exchange of information, in whatever form, by whatever means, including but not limited to: meetings, conferences, e-mails, or any means of communicating whether digitally or in writing or by word of mouth whether in

person, by telephone, by or between computers or processors, or otherwise—regardless of the place or places where the various persons, entities, or computers participating were located, or by non-verbal form of communication.

10.     The singular and plural forms of words herein are used interchangeably, as are the masculine and feminine forms.

11.     The terms "or" and "and" should both be read to mean "and/or."

12.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

13.     Each response shall include all information known or available to Violin. If the information is not sufficient to respond to any request, Violin should provide whatever documents are known or available, state what portion of the request cannot be responded to, and identify all documents and persons that might have knowledge or information relevant to the response sought. If information to respond to any request is available, but incomplete, indicate the known or available information and state when completion of such further information as requested is expected.

14.     With respect to any requested document that has been destroyed, describe the date or dates the document bore or was created, the name and address of each person who wrote or created it, the name and address of each person who received, or may have received a copy of the document, a description of the document (*e.g.*, letter, memo, etc.), the last known custodian of the document, the circumstances or reasons for the destruction of the document, and the date the document was destroyed.

4821-4925-8499.1

## DOCUMENTS AND ITEMS TO BE PRODUCED

1.      All documents or electronically stored information in your possession, custody, or control relating to any and all communications between Violin and Basile from February 1, 2008, through the present.

2.      All non-privileged internal documents or electronically stored information relating to or referring to Basile, including but not limited to memoranda, Board minutes, and internal emails, from February 1, 2008 to present.

3.      All documents, electronically stored information, physical items—including but not limited to any solid state storage products or prototypes—or electronic devices received from Basile from February 1, 2008 to present.

4.      All non-privileged documents or electronically stored information in your possession, custody, or control relating to contracts or agreements between Violin and Basile, including but not limited to any potential or actual employment agreement from February 1, 2008, through the present.

5.      All documents or electronically stored information in your possession, custody, or control relating to communications between you and customers of Fusion-io from February 23, 2009, through the present.

6.      All documents or electronically stored information in your possession, custody, or control relating to communications between you and employees, representatives, or agents of Fusion-io from February 23, 2009, through the present.

7.      All documents or electronically stored information in your possession, custody, or control relating to Fusion-io or any of its products, including but not limited to the ioSAN or the ioDrive from February 1, 2008 to present.

4821-4925-8499.1

## INSTRUCTIONS FOR DELIVERING DOCUMENTS AND CD'S STORING ELECTRONIC DATA

You may present originals for inspection and copying at:

O'Melveny & Myers, attn: Eric J. Amdursky
7 Times Square, New York, NY 10036

Or you may mail true and correct copies on CD or paper to:

Parson Behle & Latimer, Attn: David M. Bennion
201 South Main Street, Suite 1800, Salt Lake City, Utah 84111

4821-4925-8499.1

# Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FUSION MULTISYSTEMS, INC., a Nevada corporation,<br><br>    Plaintiff,<br><br>v.<br><br>DONALD G. BASILE, an individual,<br><br>    Defendant. | Case No. 2:09-cv-00426<br><br>The Honorable J. Thomas Greene<br><br><br>**VIOLIN MEMORY INC.'S OBJECTIONS AND RESPONSES TO SUBPOENA _DUCES TECUM_** |

Pursuant to _Fed.R.Civ.P._ 45(d), Violin Memory Inc. (hereinafter "Violin"), by its attorneys, Proskauer Rose LLP, responds to the subpoena _duces tecum_ of plaintiff Fusion Multisystems, Inc. d/b/a Fusion-IO ("Fusion-io") as follows:

### GENERAL OBJECTIONS

The following general objections apply to and are expressly made part of Violin's specific responses, set forth below, to each of Fusion-io's requests and demands (the "Requests").

1.    Violin generally objects to the Requests to the extent they call for a legal conclusion or seek documentation or information that is confidential, protected from disclosure, and/or immune from discovery under the attorney-client, work product, critical self-analysis, or other applicable privilege recognized by statute, at common law, or which constitute or reflect attorney work product.

2.    To the extent privileged information or documents are disclosed (and/or identified) by Violin, such disclosure (and/or identification) is without prejudice to and is not a waiver of any subsequent assertion of privilege by Violin as to the information or documents disclosed

(and/or identified) and/or as to other information or documents, and shall not waive the right of Violin to object to the use of any such information or documents.

3.     Violin generally objects to the Requests to the extent they call for production and/or identification of information and/or documents that contain or constitute (i) confidential business information and/or (ii) personal and/or confidential records and information about individuals who are not parties to this action.

4.     Violin generally objects to the Requests to the extent they would require the production of documents or disclosure of information not otherwise properly subject to discovery and/or beyond the scope of discovery permitted under the Rules of Civil Procedure.

5.     Violin generally objects to the Requests to the extent they require it to create any document not previously in existence or which are no longer, or which never were, in its possession, custody or control.

6.     Violin does not in any way waive or intend to waive, but intends to preserve and is preserving, all objections as to competency and admissibility of the Requests (or responses thereto) or the subject matter thereof.

7.     Violin does not in any way waive or intend to waive, but intends to preserve and is preserving, all objections as to vagueness, ambiguity, and undue burden.

8.     Violin does not in any way waive or intend to waive, but intends to preserve and is preserving, all rights to object on any ground to the use of any of said documents, information or responses, or the subject matter thereof, in any proceeding.

9.     Violin does not in any way waive or intend to waive, but intends to preserve and is preserving, all rights to object on any ground to any request for further responses to these or any

other requests for documents or information or other discovery requests involving or related to the subject matter of these requests.

10.   All documents are produced without admitting the authenticity, materiality, relevance, or admissibility of any document, and all objections to their use or to further production are hereby expressly preserved.

11.   The inadvertent or mistaken production of documents subject to the attorney-client privilege, work product doctrine, or other privilege shall not constitute a general, inadvertent, implicit, subject matter, separate, independent or other waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications.  All such inadvertently produced documents shall be returned to Violin's counsel along with any copies thereof.

12.   Violin objects to Fusion-io's "Definitions" to the extent they are overbroad and/or exceed the requirements of the Federal Rules of Civil Procedure.

13.   Violin generally objects to the subpoena *duces tecum* because it violates *Fed.R.Civ.P.* 26(d)(1) in that it seeks discovery "from any source" prior to conferring with counsel for Violin as required by *Fed.R.Civ.P.* 26(f).

14.   Violin generally objects to the subpoena *duces tecum* because it imposes undue burden and expense upon Violin, in violation of *Fed.R.Civ.P.* 45(c)(1) and (c)(3) (iv).

15.   Violin generally objects to the subpoena *duces tecum* because it seeks to force Violin to produce documents on an expedited basis without a court order directing Violin to do so, in violation of *Fed.R.Civ.P.* 45(c)(2)(B).

16.   Violin generally objects to the subpoena *duces tecum* because it seeks to force Violin to disclose privileged or other protected matter, in violation of *Fed.R.Civ.P.* 45(A)(iii).

17.     Violin generally objects to the subpoena *duces tecum* because it seeks to force Violin to disclose trade secrets and/or proprietary and confidential research, development and/or commercial information, in violation of *Fed.R.Civ.P.* 45(c)(3)(B)(i).

18.     Violin generally objects to the subpoena *duces tecum* because, upon information and belief, it is duplicative of the discovery requests served by Fusion-io upon Mr. Basile and, upon information and belief, Mr. Basile has already complied with those requests.

19.     Violin reserves the right to supplement its responses to the Requests and to assert additional objections to the extent necessary and appropriate.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to any General Objections set forth above, Violin responds to the Document and Item Requests as set forth below:

### REQUEST NO. 1:

All documents or electronically stored information in your possession, custody, or control relating to any and all communications between Violin and Basile from February 1, 2008, through the present.

### RESPONSE:

Violin objects to this Request to the extent that it is overly broad, unduly burdensome, fails to describe each item or category requested with reasonable particularity, and seeks documentation which is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Violin further objects to this Request to the extent that it seeks production of documents that contain or constitute proprietary and confidential commercial, business, and financial information.  Violin further objects to this Request to the extent that it seeks documentation that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, or other applicable privilege.

Subject to, and without waiving these objections or any General Objections, Violin refers

Fusion-io to documents enclosed herewith and incorporated herein by reference.

**REQUEST NO. 2:**

All non-privileged internal documents or electronically stored information relating to or referring
to Basile, including but not limited to memoranda, Board minutes, and internal emails, from
February 1, 2008 to present.

**RESPONSE:**

Violin objects to this Request to the extent that it is overly broad, unduly burdensome,

fails to describe each item or category requested with reasonable particularity, and seeks

documentation which is neither relevant to the subject matter of this action nor reasonably

calculated to lead to the discovery of admissible evidence.  Violin further objects to this Request

to the extent that it seeks production of documents that contain or constitute proprietary and

confidential commercial, business, and financial information.

Subject to, and without waiving these objections or any General Objections, Violin refers

Fusion-io to documents enclosed herewith and incorporated herein by reference.

**REQUEST NO. 3:**

All documents, electronically stored information, physical items—including but not limited to
any solid state storage products or prototypes—or electronic devices received from Basile from
February 1, 2008 to present.

**RESPONSE:**

Violin objects to this Request to the extent that it is overly broad, duplicative, unduly

burdensome, fails to describe each item or category requested with reasonable particularity,

assumes facts not in evidence, and seeks documentation or items which are neither relevant to

the subject matter of this action nor reasonably calculated to lead to the discovery of admissible

evidence.

Subject to, and without waiving these objections or any General Objections, states that it

does not possess, and has not possessed, "any solid state storage products or prototypes—or

electronic devices received from Basile from February 1, 2008 to present."

**REQUEST NO. 4**:

All non-privileged documents or electronically stored information in your possession, custody, or control relating to contracts or agreements between Violin and Basile, including but not limited to any potential or actual employment agreement from February 1, 2008, through the present.

**RESPONSE**:

Violin objects to this Request to the extent that it is overly broad, unduly burdensome,

fails to describe each item or category requested with reasonable particularity, and seeks

documentation which is neither relevant to the subject matter of this action nor reasonably

calculated to lead to the discovery of admissible evidence.  Violin further objects to this Request

to the extent that it seeks production of documents that contain or constitute proprietary and

confidential commercial, business, and financial information.

Subject to, and without waiving these objections or any General Objections, Violin refers

Fusion-io to documents enclosed herewith and incorporated herein by reference.

**REQUEST NO. 5**:

All documents or electronically stored information in your possession, custody, or control relating to communications between you and customers of Fusion-io from February 23, 2009, through the present.

**RESPONSE**:

Violin objects to this Request to the extent that it is vague, ambiguous, fails to define the

material term "customers of Fusion-io," fails to describe each item or category requested with

reasonable particularity, assumes facts not in evidence, and seeks documentation or items which

are neither relevant to the subject matter of this action nor reasonably calculated to lead to the

discovery of admissible evidence.

**REQUEST NO. 6:**

All documents or electronically stored information your possession, custody, or control relating to communications between you and employees, representatives, or agents of Fusion-io from February 23, 2009, through the present.

**RESPONSE:**

Violin objects to this Request to the extent that it is vague, ambiguous, fails to define the

material term "employees, representatives, or agents of Fusion-io," fails to describe each item or

category requested with reasonable particularity, assumes facts not in evidence, and seeks

documentation or items which are neither relevant to the subject matter of this action nor

reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 7:**

All documents or electronically stored information in your possession, custody, or control relating to Fusion-io or any of its products, including but not limited to the ioSAN or the ioDrive from February 1, 2008 to present.

**RESPONSE:**

Violin objects to this Request to the extent that it is overly broad, duplicative, unduly

burdensome, fails to describe each item or category requested with reasonable particularity,

assumes facts not in evidence, and seeks documentation or items which are neither relevant to

the subject matter of this action nor reasonably calculated to lead to the discovery of admissible

evidence.

Subject to, and without waiving these objections or any General Objections, Violin states

that it does not possess, and has not possessed, any non-public documents or information

concerning the "ioSAN or the ioDrive."

Dated: June 17, 2009
      Newark, New Jersey

                         PROSKAUER ROSE LLP

By: _____
      John P. Barry
      Mark A. Saloman
      PROSKAUER ROSE LLP
      One Newark Center, 18th Floor
      Newark, New Jersey 07102
      973.274.3200
      973.274.3299
      jbarry@proskauer.com
      msaloman@proskauer.com
      *Counsel for Violin Memory, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| FUSION MULTISYSTEMS, INC., a Nevada corporation, <br><br> Plaintiff, <br><br> v. <br><br> DONALD G. BASILE, an individual, <br><br> Defendant. | Case No. 2:09-cv-00426 <br><br> The Honorable J. Thomas Greene <br><br><br> **CERTIFICATION OF SERVICE** |

I certify that on this date I caused Violin Memory Inc.'s Objections and Responses to Subpoena *Duces Tecum* to be served by e-mail and overnight delivery upon the following counsel for Plaintiff:

Eric J. Amdursky
O'Melveny & Myers
7 Times Square
New York, New York 10036

David M. Bennion
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
(*Via E-Mail Only*)

Counsel for Plaintiff

Eric C. Kastner
Kastner | Kim, LLP
2465 East Bayshore Road, Suite 405
Palo Alto, California 94303-3228

Patricia W. Christensen
Parr Brown Gee & Loveless, P.C.
185 South State Street, Suite 800
Salt Lake City, Utah 84111-1537

Counsel for Defendant

Dated: June 17, 2009

John P. Barry, Esq.

Exhibit C

Parsons
Behle &
Latimer®

A PROFESSIONAL
LAW CORPORATION

201 South Main Street
Suite 1800
Salt Lake City, Utah 84111
Telephone 801.532.1234
Facsimile 801.536.6111
pbl@parsonsbehle.com

David M. Bennion

Direct Dial
(801) 536-6709
E-Mail
DBennion@parsonsbehle.com

July 10, 2009

VIA E-MAIL

John P. Barry
Proskauer Rose, LLP
One Newark Center, 18th Floor
Newark, New Jersey 07102

Re:   **Fusion-io v. Basile**

Dear John:

I am writing regarding the objections and responses that your client, Violin Memory, Inc., made on June 17, 2009, to the subpoena served on it by my client, Fusion Multisystems, Inc. d/b/a Fusion-io. While we appreciate the documents that your client produced, we have several questions about Violin's production and objections.

First, in response to Request Nos. 1, 2, and 4, Violin asserted several general and specific objections but then referred Fusion-io to the documents produced at the same time as the written objections and responses. It is Fusion-io's understanding that Violin did not withhold responsive documents based on its objections to Request Nos. 1, 2, and 4. Please confirm whether this is accurate. If Violin did withhold documents based on these objections, please explain Violin's basis and criteria for producing certain documents and withholding other documents in response to these requests.

Second, Request Nos. 1 and 2 call for all documents or electronically stored information relating to communications between Violin and Don Basile and internal documents relating or referring to Basile from February 1, 2008, through the present. Violin produced only 203 pages of documents in response to the subpoena, and only a small handful of those documents were created after Mr. Basile became Violin's CEO on April 15, 2009. When Mr. Basile was CEO of Fusion-io, he regularly sent multiple e-mails to Fusion-io employees on a daily basis. It seems likely that Basile has had significantly more communications with Violin personnel than Violin has produced, particularly since he became CEO. Fusion-io has asserted, among other things, a claim of misappropriation of trade secrets against Mr. Basile. The information Mr. Basile has communicated to Violin, along with information about the job duties and functions he performs for Violin, is very relevant to this claim. Please produce all documents and information responsive to Request Nos. 1 and 2.

VIA E-MAIL

John P. Barry
July 10, 2009
Page 2

Third, in response to Request No. 3, Violin represented that "it does not possess, and has not possessed, 'any solid state storage products or prototypes—or electronic devices received from Basile from February 1, 2008 to present.'" Request No. 3 also called for production of electronically stored information or any physical items Violin has received from Mr. Basile. Violin did not respond to this portion of the request. Please produce all responsive information and items.

Fourth, Request No. 5 calls for production of communications between Violin and customers of Fusion-io from February 23, 2009, through the present. Violin objected to this request on several grounds and appears to have not produced documents or information in response to this request. Violin's objections are not well taken. Violin objected that the request is vague, ambiguous, and fails to define "customers of Fusion-io." The term "customer" does not need definition; it is universally understood to mean persons or entities who have purchased products from Fusion-io. Obviously, the request is limited by the extent of Violin's knowledge. To the extent Violin has had communications with persons or entities that it understands to be customers of Fusion-io, those communications should be produced. Violin also objected on the grounds that the request does not seek relevant or discoverable evidence. As you know, the threshold for discoverable evidence is low. Don Basile has a contractual obligation and a pending federal Court order prohibiting him from soliciting Fusion-io customers, and Fusion-io has reason to believe he has not honored this obligation. Mr. Basile is now the CEO of Violin, and Violin's communications with Fusion-io customers are relevant to Fusion-io's claims against Mr. Basile. Please produce all documents and information responsive to Request No. 5.

Fifth, similar to its response to Request No. 5, Violin objected to Request No. 6 on several grounds and appears to have not produced documents or information in response. These objections are also not well taken. Request No. 6 calls for communications between Violin and employees, representatives, or agents of Fusion-io. Violin again objected that the request is vague, ambiguous, and fails to define "employees, agents, or representatives." These terms are commonly used and do not require definition. Violin should produce its communications with anyone who was working for or being paid by Fusion-io. Violin also objected on the grounds that the request does not seek relevant or discoverable evidence. Again, Mr. Basile has a contractual prohibition against soliciting Fusion-io employees, and the Court has ordered Mr. Basile not to solicit Fusion-io employees. Fusion-io is informed that in addition to Mr. Basile, its former employee Matt Barletta started performing work for Violin as a consultant shortly after Mr. Barletta resigned from his employment with Fusion-io. During the timeframe that Mr. Basile first began discussing potential employment with Violin (*i.e.* February 24, 2009) through the date that Mr. Basile has continued to serve as Violin's CEO, Violin's communications with Fusion-io employees,

**VIA E-MAIL**

John P. Barry
July 10, 2009
Page 3

representatives, and agents are relevant to Fusion-io's claims against Mr. Basile.  Please produce all documents and information responsive to Request No. 6.

Finally, in response to Request No. 7, Violin represented that "it does not possess, and has not possessed, any non-public documents or information concerning the 'ioSAN or the ioDrive.'"  Request No. 7 is not limited to non-public documents, and it also calls for documents or information relating to Fusion-io or any of its products.  Violin's status as a direct competitor of Fusion-io is relevant to Fusion-io's claims against Mr. Basile.  The parties have entered into a Protective Order that your firm requested be signed as a condition to Violin producing documents in response to Fusion-io's production requests. Please produce all documents and information responsive to Request No. 7.

If you would like to discuss any of the foregoing issues in more detail, please feel free to contact me.  Due to the exigent nature of the pending preliminary injunction hearing, however, we request that you provide a supplemental response and production of documents by no later than Friday, July 17, 2009.  Also, please contact me to discuss rescheduling the deposition of Violin Memory at a date after Violin produces the documents requested above.

Sincerely,

Parsons Behle & Latimer

David M. Bennion

cc:     Eric Amdursky
        Scott Bell

# Exhibit D

One Newark Center
Newark, NJ  07102-5211
Telephone 973.274.3200
or 212.736.8185
Fax 973.274.3299

BOCA RATON
BOSTON
CHICAGO
HONG KONG
LONDON
LOS ANGELES
NEW ORLEANS
NEW YORK
PARIS
SÃO PAOLO
WASHINGTON

# PROSKAUER ROSE LLP

A NEW YORK LIMITED LIABILITY PARTNERSHIP
Lawrence R. Sandak, Managing Resident Partner

John P. Barry
Member of the Firm

Direct Dial 973.274.6081
jbarry@proskauer.com

July 23, 2009

*Via e-mail & U.S. Mail*

David M. Bennion, Esq.
Parsons Behle & Latimer
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111

Re:     **Fusion Multisystems, Inc. v. Donald Basile**
        **Case No.: 2:09cv426**

Dear David:

We respectfully disagree with your assertion that Violin Memory Inc.'s response to Fusion-io's subpoena *duces tecum* is deficient in any way. To the contrary, Violin submitted a comprehensive response under significant time pressure that was entirely responsive to the legitimate and proper scope of the subpoena. Indeed, Fusion-io's narrow allegations against Mr. Basile—and the even narrower interim relief it has obtained—hardly justify the sweeping scope of the subpoena to Violin. Fusion-io cannot (and will not be permitted to) use its seemingly groundless litigation against Mr. Basile as a vehicle to obtain access to Violin's confidential and proprietary intellectual property and current business and financial strategies.

To the extent your letter raises legitimate questions, I address them *seriatim*:

    1.     Requests Nos. 1, 2, and 3: Violin repeats and reiterates its original objections and responses to these Requests. To the extent that your letter focuses these exceedingly overbroad Requests to communications or documents concerning (i) "trade secrets" which Mr. Basile allegedly "misappropriated" from Fusion-io and then communicated to Violin; and (ii) Mr. Basile's "job duties and functions he performs for Violin," Violin states that all responsive documents have been produced. As to the former, Violin has no documents which contain trade secrets allegedly misappropriated from Fusion-io by Mr. Basile (see documents identified as Violin 172 to 173, previously provided and incorporated herein by reference; and (ii) information concerning Mr. Basile's job duties and functions for Violin is contained within documents identified as Violin 162 to 167, previously provided and incorporated herein by reference.

**PROSKAUER ROSE LLP**

David M. Bennion, Esq.
July 23, 2009
Page 2

      2.      Request No. 3:  Violin repeats and reiterates its original objections and response to this Request and adds that, implicit in its original response, Violin does not possess "physical items—including but not limited to any solid state storage products or prototypes—or electronic devices received from Basile."

      3.      Request No. 5:  Violin repeats and reiterates its original objections and response to this Request and adds that, absent more specific information concerning the identity of Fusion-io customers at issue, Violin cannot, and will not, guess or speculate what entities are, or are not, "customers of Fusion-io."

      4.      Request No. 6:  Violin repeats and reiterates its original objections and adds that any and all communications between Violin and Fusion-io former employees which did not involve and were not influenced by Mr. Basile are not relevant nor reasonably calculated to lead to the discovery of admissible evidence pertaining to the allegations in the Complaint.  Without waiving any objections, Violin adds that Violin did not communicate with Matt Barletta during his employment with Fusion-io.

      5.      Request No. 7:  Violin repeats and reiterates its original objections and response to this Request and adds that, implicit in its original response, Violin does not possess non-public documents or information concerning Fusion-io.

I trust this fully satisfies the items contained in your letter.  If that is not the case, then please let me know.

Very truly yours,

John P. Barry
JPB:mas

# Exhibit E

FILED
U.S. DISTRICT COURT

2009 MAY 19  A 10: 49

DISTRICT OF UTAH

BY: _____
     DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FUSION MULTISYSTEMS, INC. d/b/a FUSION-IO, | **STIPULATED INTERIM ORDER** |
| Plaintiff, | Case No. 2:09-CV-00426 |
| vs. | Judge J. Thomas Greene |
| DONALD G. BASILE, | |
| Defendant. | |

This matter came before the Court for a Status and Scheduling Conference on Wednesday, May 13, 2009, at the hour of 2:00 o'clock p.m., and again on Monday, May 18, 2009, at 2:15 p.m., with the Honorable J. Thomas Greene, District Judge, presiding.  At both hearings, Plaintiff Fusion Multisystems, Inc., d/b/a Fusion-io ("Fusion-io") was represented by David M. Bennion and Scott S. Bell, of the law firm of Parsons Behle & Latimer; Defendant Donald G. Basile ("Basile") was represented by Patricia W. Christensen of the law firm of Parr Brown Gee & Loveless, and by Eric C. Kastner, of the California law firm of Kastner – Kim, LLP, who appeared by telephone conference.

Following extended discussion of the issues between the Court and all counsel, an agreement was reached with respect to various preliminary matters.  This stipulated interim order memorializes that understanding and agreement between the Court and counsel for both parties at this time.   This interim agreement shall be effective from this 18th day of May 2009, until June 23, 2009, or any continuation or stay hereof.

The Court, being fully advised in the premises, and good cause appearing, therefore enters the following stipulated ORDER:

### STIPULATED ORDER

1.    Plaintiff Fusion-io terminated Defendant Basile as its Chief Executive Officer on February 23, 2009.

2.    After termination of his employment, however, Fusion-io contends that Basile continued in possession of certain property, including but not limited to e-mails, documents and an ioSAN prototype card, which Fusion-io has sought to have returned.   Fusion-io has also demanded that Basile acknowledge his purported continuing obligations not to (a) use or disclose Fusion-io's purported confidential and trade secret information; or (b) solicit Fusion-io employees and customers for a period of twelve months after the termination of his employment.

3.    After Basile failed to respond to Fusion-io's demands, Fusion-io filed the Complaint in this matter on May 8, 2009, and served a demand for arbitration.

4.    Fusion-io then filed a Motion for Temporary Restraining Order and Preliminary Injunction herein, on May 11, 2009, seeking, among other things, an order of this Court prohibiting Basile from working for Violin Memory or any other direct competitor of Fusion-io and directing Basile to return to Fusion-io the property Fusion-io claims that Basile had in his possession or under his control at the time of his termination.

5.    Basile, through counsel, represented to Fusion-io for the first time on May 15, 2009, that the only materials he has in his possession or under his control, that are responsive to

2

Fusion-io's requests described in paragraph 2 above, are located on an external hard drive, which he has in his possession. Basile represents that he has not used or disclosed any of Fusion-io's confidential information or trade secrets in any way since February 23, 2009.

6.     Basile, through counsel, specifically represented for the first time on May 15, 2009, that he does not now have, and that he has not had an ioSAN card, or a laptop computer belonging to Fusion-io, in his possession or under his control since the termination of his employment with Fusion-io.

7.     The parties, through their counsel, have agreed that Basile will, upon execution of this Stipulated Interim Order, immediately deliver the hard drive to a representative of Orange Legal Technologies in Salt Lake City, Utah.

8.     Orange Legal Technologies will then mirror the hard drive onto a disc, and the hard drive itself and the mirror image thereof will be lodged with this Court until further Order of this Court.

9.     In the event of a dispute with respect to the contents of the hard drive lodged with the Court, either or both parties may seek an order of the Court, following notice and an opportunity to be heard by all parties, permitting an examination of the hard drive by a qualified third party expert, under conditions designed to protect the confidentiality of any and all information subject to a claim of privilege.

10.    It is understood and agreed by the parties that the information made the subject of this Order is considered to be "confidential information" by Fusion-io, and it shall not be disclosed or used by Basile for any purpose other than the pursuit of his claims and defenses in

3

this litigation and any related mediation or arbitration proceedings. Indeed, Basile may not use any such information, whether in this agreement or otherwise, except to pursue his claims and defenses in this litigation and any related mediation or arbitration proceedings. This stipulation is made without prejudice to any later decision by this Court or in arbitration whether Fusion-io's claim of confidential information and/or trade secrets is supported in fact or in law.

11.     From the execution of this Stipulated Interim Order until the entry of an order deciding Fusion-io's Motion for Temporary Restraining Order and Preliminary Injunction, Basile shall not discuss or otherwise provide services related to Fusion-io to Violin Memory or any other direct competitor of Fusion-io.

12.     Basile shall refrain from (a) disclosing or otherwise using Fusion-io's purported confidential and proprietary business and trade secret information; (b) transferring Fusion-io's purported confidential and proprietary business and trade secret information to any person or entity; (c) soliciting any of Fusion-io's customers or users who were customers or users at any time during Basile's employment with Fusion-io; (d) contacting any current or former employee of Fusion-io or from taking any other steps for the purpose of obtaining Fusion-io's confidential and proprietary business and trade secret information; (e) violating any of Basile's purported continuing duties to Fusion-io under his Employment Agreement and PIIA; and (f) deleting or destroying any Fusion-io property or confidential information before returning it to Fusion-io.

13.     An evidentiary hearing on Plaintiff's motion for preliminary injunction shall be held beginning June 23, 2009, and is expected to last three to four days. Defendant's opposition to the motion shall be filed and served on or before Friday, June 5, 2009; and any reply memorandum shall be filed and served on or before Friday, June 12, 2009.

4

14.     If either party wishes to file motions prior to the preliminary injunction hearing, the motion(s) and supporting memoranda must be filed and served upon the opposing party on or before Friday, May 22, 2009. Any memoranda in opposition to such motion(s) must be filed and served upon the opposing party on or before Friday, May 29, 2009; and any reply memoranda must be filed and served upon the opposing party on or before June 1, 2009. Such motions shall be heard by the Court on June 3, 2009.

15.     The parties will cooperate in agreeing upon a schedule for conducting expedited discovery, to the extent necessary, with respect to the aforesaid motions.

16.     By entering into this Stipulation, neither party waives or in any way surrenders or compromises any of its rights, claims, or arguments against the other.

ENTERED this 18 day of May 2009.

BY THE COURT:

J. Thomas Greene
Thomas Greene
United States District Judge

STIPULATED AND AGREED:

PARSONS BEHLE & LATIMER

David M. Bennion
Attorneys for Plaintiff

PARR BROWN GEE & LOVELESS

Patricia W. Christensen
Attorneys for Defendant

5