<u>Not for Publication</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| **FUSION MULTISYSTEMS, INC.,** | : | |
| | : | Civil Action No. 09-4692 (FSH) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | <u>OPINION AND ORDER</u> |
| | : | |
| **BASILE,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

This matter comes before the Court on Plaintiff Fusion Multisystems, Inc.'s ("Fusion") Motion to Compel compliance with the subpoena issued to Third Party Violin Memory ("Violin"). (Docket Entry "DE" 1.) For the reasons set forth below, Fusion's motion is granted, subject to the conditions enumerated below.[1]

**I.   <u>Background</u>**

The present case before the Court is a motion to compel Violin's compliance with Fusion's discovery requests. Fusion seeks discovery related to an action it filed in the Utah District Court

---

[1] The Court notes that Violin originally requested oral argument on the motion. The Court granted the request for oral argument and scheduled oral argument for March 12, 2010. Counsel for Proskauer Rose LLP, the firm representing Violin, notified the Court by telephone that the firm had to withdraw from representing Violin. Per the Court's instructions, counsel submitted the notification in writing on March 12, 2010. The March 12, 2010 correspondence requested the Court to adjourn oral argument until such time as Violin retains new counsel, "which Violin anticipates doing in the very near future." (Violin's 3/12/10 Ltr., DE 23.) Fusion opposed the request for an indefinite delay of the matter and requested the Court to decide the motion on the papers. (Fusion's 3/12/10 Ltr., DE 24.) Over a month has passed and new counsel did not file an appearance pursuant to counsel's 3/12/10 correspondence. In addition, Violin's counsel did not file a motion to withdraw as counsel pursuant to Local Civil Rule 102.1. Therefore, upon consideration of Fusion's request and the underlying circumstances surrounding this matter, the Court deems that a decision based on the papers is warranted.

against Donald G. Basile ("Basile"), Fusion's former CEO and Violin's current CEO. (Pl.'s Moving Br. 1.) Fusion alleges, *inter alia*, that Basile misappropriated and disclosed Fusion's trade secrets when he joined Violin, an alleged rival to Fusion in the digital data storage industry. (*Id.* at 7.)

Pursuant to discovery in that case, Fusion requested from Violin the production of documents relating to Basile's work at Violin. (*Id.* at 7-8.) In particular, Fusion requested: (1) all communications between Basile and Violin; (2) communications between Violin and Fusion customers; (3) communications between Violin and Fusion employees; (4) documents and other physical objects given by Basile to Violin; and (5) information in Violin's possession regarding Fusion and Fusion's products. (*Id.*)

Violin responded with a limited production[2] and objected to a number of Fusion's outstanding requests primarily on three grounds: (1) the requests were overbroad and/or inappropriately unrelated to the underlying action; (2) compliance with Fusion's requests would unduly burden Violin by requiring it to disclose trade secrets and confidential customer information; and (3) compliance with the requests was not immediately necessary given the procedural status of the underlying action in Utah.

**II.     Discussion**

    A.     Timeliness

While Violin's timeliness assertions may have initially been appropriate, the Court finds that the motion is clearly ripe for consideration. This Court will not restrain from ruling on Fusion's motion any longer.

---

[2] For example, utilizing the search term "Fusion," Violin found and produced approximately 200 communications between it and Basile. (*See* Violin's Opp'n Br. 6; Pl.'s Reply Br. 2.)

B. <u>Relevance of the Requests and Burdens of Compliance</u>

The Court now turns to the relevancy of the discovery requests at issue. Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978); *see also Tele-Radio Sys. Ltd. v. De Forest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981). "The party seeking discovery has the burden of showing that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000).

When the burden of a discovery request is likely to outweigh the benefits, Federal Rule of Civil Procedure 26(b)(2)(C) vests the District Court with the authority to limit a party's pursuit of otherwise discoverable information. *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). Accordingly, a discovery request may be denied if this Court finds that there exists a likelihood that the resulting benefits would be outweighed by the burden or expense imposed as a consequence of the discovery after assessing the following factors: (i) the unreasonably cumulative or duplicative effect of the discovery; (ii) whether "the party seeking discovery has had ample opportunity to obtain the information by [other] discovery;" and (iii) "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). The purpose of this rule of proportionality is "to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are

otherwise proper subjects of inquiry." *Bowers v. Nat'l Collegiate Athletic Assoc.*, No. 97-2600, 2008 U.S. Dist. LEXIS 14944, at *15 (D.N.J. Feb. 27, 2008) (quoting *Leksi, Inc. v. Fed. Ins. Co.,* 129 F.R.D. 99, 105 (D.N.J. 1989)).

The Court initially finds that the information sought by Fusion in its subpoena satisfies the relevancy test and is therefore discoverable.

The relevant document requests are:

1. All documents or electronically stored information in your possession, custody, or control relating to any and all communications between Violin and Basile from February 1, 2008, through the present.

2. All non-privileged internal documents or electronically stored information relating to or referring to Basile, including but not limited to memoranda, Board minutes, and internal emails, from February 1, 2008 to present.

3. All documents, electronically stored information, physical items—including but not limited to any solid state storage products or prototypes—or electronic devices received from Basile from February 1, 2008 to present.

5. All documents or electronically stored information in your possession, custody, or control relating to communications between [Violin] and customers of Fusion[] from February 23, 2009, through the present.

6. All documents or electronically stored information in your possession, custody, or control relating to communications between you and employees, representatives, or agents of Fusion[] from February 23, 2009, through the present.

7. All documents or electronically stored information in your possession, custody or control relating to Fusion[] or any of its products, including but not limited to the ioSAN or the ioDrive from February 1, 2008 to present.

(Pl.'s Moving Br., Decl. of Scott S. Bell, Ex. A.)

Trade secret cases such as this necessarily turn on the exchange of information between two parties, from a party possessing or privy to a company's secret information (e.g. a former employee) to a party in a position to use that information to the company's disadvantage (e.g. a rival company).

Fusion's discovery requests are clearly relevant to its claims. Request 3 seeks documents and tangible items that Violin received from Basile. Violin represented that it did not have "any solid state storage products or prototypes-or electronic devices received from Basile from February 1, 2008 to present." (Fusion's Moving Br. 13.) Fusion asserts that the response does not address documents and electronically stored information. (*Id.*) The Court finds that the request is relevant and Violin must fully respond to the request.

To establish Violin as a direct competitor, Request 7 asks for documents or electronically stored information Violin has about Fusion or Fusion's products. This request is relevant, even as it pertains to publicly available information. The fact and content of communications between or related to Basile and Violin as set forth in Requests 1 and 2 are also relevant. These requests could result in the production of documents necessary to prove Fusion's case and satisfy the relatively low relevancy bar applied at the discovery stage. Request 5 for documents or electronically stored information relating to Violin and customers of Fusion is likewise relevant. The same is true for Request 6 for communications between Violin and employees, representatives or agents of Fusion. The communications are relevant or likely to lead to relevant information.

However, in consideration of the burden placed on Violin with regard to finding, copying and producing the many documents that will undoubtedly be required pursuant to this order, the Court further finds that a list of search terms, supplied by Fusion, will greatly reduce the discovery burden on Violin without injuring Fusion's ability to proceed with its case against Basile. According to Fusion's counsel, at a meet-and-confer telephone conference on September 30, 2009, Fusion offered to supply Violin with an "attorney's eyes only" list of terms (including names of specified Fusion investors, suppliers, employees, customers and products) that would be used to search

5

through the emails of certain Violin employees, including Basile and four other former Fusion employees. (Pl.'s Reply Br., Decl. of Eric Amdursky ¶ 14.) Violin's counsel indicated that the suggestion sounded "reasonable," but Violin decided to oppose the within motion. (*Id.* at ¶ 16.)

The Court finds Fusion's compromise offer proper and well-tuned to the balanced needs of the parties in this case. Violin may feel it had reasons to previously withhold its consent to the use of such search terms. However, the Court finds that the use of search terms will reduce much of the alleged burden related to producing the requested discovery. Fusion's acknowledged ability to limit its discovery requests through the use of discrete search terms and having searches conducted through the email messages of a discrete number of Violin employees further supports this Court's balancing exercise.

Therefore, this Court grants Fusion's motion to compel, subject to Fusion providing a list of search terms. With respect to requests 1, 2, 5, 6 and 7, as well as the portion of Request 3 for "documents [and] electronically stored information," Fusion must supply Violin with: (1) a list of search terms; and (2) the names of Violin employees whose electronic files will be searched. In addition, the Court grants Fusion's motion to compel with respect to Request 3 pertaining to "physical items–including but not limited to any solid state storage products or prototypes–or electronic devices." Violon previously represented that it did not have any physical items. Violin must undertake an additional search for physical items and provide a Certification regarding this request should the search fail to uncover any physical items.

   C. <u>Burden of Disclosing Trade Secrets and Other Sensitive Information</u>

  Having found Fusion's requests to be relevant, this Court now turns to Violin's contentions that some of the documents requested by Fusion are privileged from discovery by virtue of Violin's interests in maintaining its trade secrets or its alleged duties to certain third parties.

  The general rule with sensitive documents is that "information that is privileged or otherwise protected may be deemed not discoverable," with "[t]he burden of showing that a particular document is privileged or protected rest[ing] with the party asserting the privilege." *Caver*, 192 F.R.D. at 159. Notably, however, "no absolute privilege protects confidential information from disclosure through the discovery process." *Diamond Crystal Salt Co. v. Package Masters, Inc.*, 319 F. Supp. 911, 912 (D. Del. 1970). Even if a party can demonstrate that its trade secret or other interests are potentially at stake, a court need not necessarily foreclose discovery, particularly where the sensitive information is central to the opposing party's claims, e.g., in trade secret battles. *See id.* When the balance favors disclosure, courts have at their disposal a number of methods for minimizing the burden and potential injury to the disclosing party. *See, e.g., ITT Electro-Optical Prods. Div. of ITT Corp. v. Electronic Tech. Corp.*, 161 F.R.D. 228, 232 (D. Mass. 1995) (supplying list of cases utilizing various methods of preventing injury to the disclosing party). Thus, "[i]f the information is relevant to an issue in the action and is needed to resolve that issue, disclosure will be required subject, of course, to an appropriate protective order." *Diamond*, 319 F. Supp. at 912.

  This Court balances Fusion's need for the information against the potential injuries to Violin, and concludes that the former outweighs the latter. The parties may avail themselves of the protections afforded by Protective Order filed in the Utah District Court. The Protective Order plainly limits use of any "Confidential Material" to the purpose of the case and contains other strong

safeguards for the designation, use and destruction of "Confidential Material." This Court finds the order sufficiently protective of Violin's interests and finds that Fusion's motion to compel should be granted.

### III.    Conclusion

For the foregoing reasons, the Court orders that Plaintiff's motion to compel is:

1. Granted with respect to Requests 1, 2, 5, 6 and 7, as well as the portion of Request 3 for "documents [and] electronically stored information," all subject to the condition that Plaintiff will supply Defendant with: (1) a list of search terms; and (2) the names of Violin employees whose electronic files shall be searched.

2. Granted with respect to the portion of Request 3 pertaining to "physical items–including but not limited to any solid state storage products or prototypes–or electronic devices." Violin shall undertake an additional search for physical items and provide a Certification regarding this request should the search fail to uncover any physical items.

    s/ Michael A. Shipp
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**

Dated: April 30, 2010